Douglas A. Belknap
State Bar I.D. #012629
DOUGLAS A. BELKNAP P.C.
11010 North Tatum Boulevard
Suite 103
Phoenix, Arizona 85028
dbelknap@belknaplegal.com

(602) 279-1999

Attorneys for Defendants
Farmers Insurance Exchange and
Farmers Insurance Company of Arizona

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, | Case No. 4:11-CV-00730-RCC-JJM |
| Plaintiff, | **FARMERS INSURANCE COMPANY OF ARIZONA'S MOTION FOR ORDER COMPELLING COMPLIANCE WITH RULE 26(f), FEDERAL RULES OF CIVIL PROCEDURE** |
| v. | |
| CAST & ASSOCIATES, INC. d/b/a FLAME CONNECTION; FARMERS INSURANCE COMPANY OF ARIZONA; FARMERS INSURANCE EXCHANGE, | **or in the alternative,** |
| Defendants. | **REQUEST FOR MANAGEMENT CONFERENCE PURSUANT TO RULE 16, FEDERAL RULES OF CIVIL PROCEDURE** |

Farmers Insurance Company of Arizona ("FICA"), through its counsel undersigned, hereby solicits the Court's assistance in moving this matter forward.  Plaintiff James River Insurance Company ("James River") has declined to cooperate with respect to the orderly

-1-

progression of discovery in this matter, all as more fully set forth in the attached Memorandum of Points and Authorities.

     **DATED** this 28th day of February, 2012.

                            **DOUGLAS A. BELKNAP P.C.**

                            By: /s/ Douglas A. Belknap
                                  Douglas A. Belknap
                                  11010 North Tatum Boulevard, Suite 103
                                  Phoenix, AZ  85028
                                  Attorneys for Defendants Farmers
                                  Insurance Exchange and Farmers
                                  Insurance Company of Arizona

## **MEMORANDUM OF POINTS AND AUTHORITIES**

     James River filed this declaratory judgment action on November 17, 2011, against three parties, including FICA and Farmers Insurance Exchange ("FIE").  After receiving the Complaint filed by James River, FIE notified James River of the factual and legal reasons the federal court lacks subject matter jurisdiction with respect to the claims against FIE.  James River refused to dismiss the action, however, and instead forced FIE to file a motion to dismiss.  The jurisdictional issues have been fully briefed and the parties simply are awaiting this Court's ruling.  Because there is no subject matter jurisdiction with respect to FIE, FIE fully expects to be dismissed.  That will leave FICA as a defendant.

     Immediately upon receiving the Complaint in November of 2011, counsel for FICA also suggested that James River dismiss the claims against it for factual reasons.  James River refused.  FICA thus has filed its Answer and is prepared to move forward with respect to

. . .

. . .

discovery. In that regard, FICA's counsel solicited James River's cooperation with respect to the conference required by Rule 26(f), Fed.R.Civ.P. James River's counsel has declined to do so.[1]

Although James River has refused to cooperate with FICA's efforts to conduct discovery, James River did propose a method by which discovery might be had. In what FIE effectively views as extortion, James River has offered to cooperate with FIE's discovery needs if FIE withdraws its motion to dismiss and files an answer. Even if FIE's desire for discovery trumped all else, of course, FIE cannot participate in a fraud on the court with respect to the lack of jurisdiction.[2] None of this, of course, affects FICA's right to proceed with discovery in the litigation in which it was named as a defendant.

For the foregoing reasons, defendant FICA requests that the Court enter an Order compelling James River Insurance Company's compliance with Rule 26(f), Fed.R.Civ.P. or alternatively that the Court schedule a management conference pursuant to Rule 16, Fed.R.Civ.P., at which the issues can be discussed. Without the Court's involvement, FICA cannot proceed with discovery and the case is at an absolute standstill.

---

[1] In a transparent effort to delay discovery, James River now—three months after it initially refused—proposes to dismiss the claims against FICA, with each party to bear its own fees and costs. It is unclear whether James River intended this dismissal to be with or without prejudice. While certainly FICA's dismissal under appropriate terms may be proper at some point, at this time FICA simply wants to proceed with discovery as provided by the Rules. If James River was unwilling to allow FICA to conduct discovery, James River should never have sued FICA without a factual basis in the first place. There is no information available to James River now that was unavailable to James River in November of 2011.

[2] The great irony is that James River's claim of diversity jurisdiction is based on the argument that FIE must be a "corporation"—despite clear evidence to the contrary—because in a handful of other cases around the country FIE has not disputed federal court jurisdiction. If FIE capitulates and withdraws its motion to dismiss in this case, an unscrupulous attorney in a future case might point to that decision as another "admission" that FIE is not a reciprocal insurance exchange. It is for this very reason that subject matter jurisdiction cannot be created by waiver or estoppel. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982); *see also United States v. Ceja-Prado*, 333 F.3d 1046, 1049 (9th Cir. 2003). Even if FIE withdraws its motion, files an answer, and begins discovery, therefore, this Court still lacks subject matter jurisdiction.

**DATED** this 28th day of February, 2012.

                              **DOUGLAS A. BELKNAP P.C.**

                              By: /s/ Douglas A. Belknap
                                  Douglas A. Belknap
                                  11010 North Tatum Boulevard
                                  Suite 103
                                  Phoenix, AZ  85028
                                  Attorneys for Defendants Farmers
                                  Insurance Exchange and Farmers
                                  Insurance Company of Arizona

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2012, the foregoing Farmers Insurance Company of Arizona's Motion For Order Compelling Compliance With Rule 26(f), Federal Rules Of Civil Procedure Or In The Alternative Request For Management Conference Pursuant to Rule 16, Federal Rules of Civil Procedure was electronically filed with the Clerk of Court using the CM/ECF system and a copy mailed via U.S. Mail to the following:

    Amy M. Samberg
    Robert A. Bernheim
    SNELL & WILMER, LLP
    One South Church Avenue, Suite 1500
    Tucson, AZ  85701-1630
    Attorneys for Plaintiff James River Insurance Company

                                /s/  Sharon A. Storer