UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CAST & ASSOCIATES, INC., d/b/a FLAME CONNECTION; FARMERS INSURANCE COMPANY OF ARIZONA; FARMERS INSURANCE EXCHANGE,<br><br>Defendants. | Case No. 4:11-CV-00730-JJM<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is a Motion to Dismiss pursuant to Rule 12(b)(1) (Doc. 7) filed by Defendants Farmers Insurance Exchange ("Farmers") against Plaintiff James River Insurance Company ("James River"). James River filed a response to the motion (Doc. 13), and Farmers filed a reply (Doc. 14). After independent review of the record, the Magistrate Judge recommends that the District Court dismiss the Complaint.

1

## I. Factual Background

This case arises out of an insurance coverage dispute between Farmers and James River. In its Motion to Dismiss (Doc. 7), filed November 29, 2011, Farmers argues that the Court lacks subject-matter jurisdiction to preside over this matter because there is no diversity between the parties.

James River is an Ohio corporation with its principal place of business in Virginia. Farmers is a California corporation with its principal place of business in California. Some policyholders of Farmers are residents of Ohio and Virginia. Flame Connection, another defendant that is not a party to the present dispute, is an Arizona corporation with its principal place of business in Arizona. Farmers Insurance Company of Arizona (not to be confused with Farmers Insurance Exchange), a third defendant that is not a party to the present dispute, is an Arizona corporation with its principal place of business in Arizona.

## II. Standard for Motion to Dismiss

A Rule 12(b)(1) dismissal for lack of subject-matter jurisdiction can be based on the face of the Complaint or extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In evaluating a facial attack on jurisdiction, the court must accept the factual allegations set forth in the Complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). The burden rests with the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto—in this case, 28 U.S.C. § 1332 (2011). *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Thus, federal courts have no

1 power to consider claims for which they lack subject matter jurisdiction. *See Chen–*
2 *Cheng Wang ex rel. US v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992). The
3 court is under a continuing duty to dismiss an action whenever it appears that it lacks
4 jurisdiction. *Id.*; *see also Spencer Enters., Inc. v. US*, 345 F.3d 683, 687 (9th Cir.
5 2003); *Attorneys Trust v. Videotape Computers Prods. Inc.*, 93 F.3d 593, 594–95 (9th
6 Cir. 1996).

7 **III.    Discussion**

8          A.      Farmers is an unincorporated association, not a corporation.

9          James River asserts that Farmers is a corporation, and is a citizen of its state
10 of incorporation and its principal place of business only.  28 U.S.C. § 1332(c)(1)
11 (2011).  Farmers asserts that it is an unincorporated association and not a corporation,
12 and as such, it is a citizen of every state of which its members, or policyholders, are
13 citizens. *Carden v. Arkoma Assoc.,* 494 U.S. 185 (1990).

14         Farmers' website states that it is an inter-insurance exchange owned by its
15 policyholders and organized under the laws of the state of California.  That does not,
16 however, end the inquiry as to whether it is a corporation, because inter-insurance
17 exchanges may assume a corporate form of organization. *Corpus Juris Secundum*
18 §2, Nature, Status, and Incorporation of Organization.

19         James River argues that because the California Secretary of State website
20 recognizes the name "Farmers Underwriters Association" in a corporate name search,
21 Farmers must be a corporation.  However, the entity classification of Farmers
22 Underwriters Association may be different than that of Farmers, as the former owns
23 the latter—they are not one and the same. *See About Farmers*, FARMERS INSURANCE
24 GROUP, http://www.farmers.com/our_company.html (last visited Jan. 25, 2012).
25 Therefore, the fact that a search of "Famers Underwriters Association" on the

3

California Secretary of State's website yields information means nothing in terms of the entity formation that Farmers assumes. The fact that a search of "Farmers Insurance Exchange" yields no results in a corporate name search is more helpful— and points in the direction of Farmers not being a corporation. *See Ladanicolas v. Beury*, 1994 U.S.App. LEXIS 6950, at *5 (9th Cir. 1994) (stating that "courts must look to state law to determine when an entity is not a corporation for diversity purposes).

Upon a thorough search of Westlaw and the internet in general, no source definitively characterizing Farmers as a corporation can be found. Further, in *Farmers Ins. Exch. v. MTD Prods., Inc.*, WL 5877025, at *3 (N.D.Tex.2011), the parties did not dispute that Farmers was an unincorporated association, when it would have been in defendant's best interests to dispute that classification if it had any grounds to do so. For these reasons, the Court finds that Farmers is an unincorporated association and not a corporation for jurisdictional purposes.

B.      Farmers' policyholders are "members" for jurisdictional purposes.

Since Farmers is not a corporation, it is a citizen of any state of which its members are citizens for purposes of diversity jurisdiction. *Carden*, 494 U.S. at 185. Farmers argues that "members" means the same thing as "policyholders" in this case. As such, because Farmers has policyholders in both Ohio and Virginia, where James River is incorporated and has its principal place of business, respectively, diversity is lacking and subject-matter jurisdiction is inappropriate. James River argues that Farmers' policyholders are not "members" for jurisdictional purposes.

In *MTD Products,* the Texas district court, after noting that defendant MTD Products did not dispute that Farmers Insurance Exchange was an unincorporated association, tackled the question of whether Farmers' policyholders were "members"

4

for jurisdictional purposes—and ultimately decided that they were. *Farmers Ins. Exch. v. MTD Prods., Inc.*, 2011 WL 5877025, at *4-5 (N.D.Tex.2011). The court stressed that the analysis should be case and fact specific and directed that courts examine the entity's own definition of "member." *MTD Prods., Inc.*, 2011 WL 5877025, at *5 (quoting *Royal Ins. Comp. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993). In this case, Farmers' Reciprocal Policy Conditions state that the membership fee is different from the premiums that the policyholders pay, and therefore, the policyholders are "members" for jurisdictional purposes. Further, the California Insurance Code states: "'Owner,' as used in this section, means any person who is named as an insured in the contract of insurance or document, or in a loss payable clause therein . . ." § 383.5. However, another district court held that Farmers did not adopt the citizenship of its policyholders, treating the policyholders as "customers" and not "members" for jurisdictional purposes. *See Garcia v. Farmers Ins. Exch.*, 121 F.Supp.2d 667, 669 (N.D.Ill. 2000).

Because there is a disagreement among different district courts that have had the opportunity to evaluate Farmers' jurisdictional position, it is best to see how such entities are treated in Arizona courts. Recently, a couple of Arizona district court decisions addressed the issue in relation to other well-known reciprocal insurance exchanges. These decisions reached the same conclusion that the Texas district court reached in the *MTD Products* decision. *See Truck Ins. Exch. v. The Manitowoc Co., et al*, 2010 WL 4961618 (D. Ariz. 2010); *Cady v. American Family Ins. Co.*, 771 F.Supp.2d 1129 (D. Ariz. 2011). For this reason, this Court finds that Farmers adopts the citizenship of each of its policyholders as "members." Because its policyholders include citizens of both Ohio and Virginia, complete diversity is lacking and subject-matter jurisdiction is inappropriate.

      C.    <u>James River cannot amend their Complaint to include only diverse Farmers policyholders.</u>

James River asks the Court to grant it leave to amend its Complaint to name only the diverse members of Farmers as Defendants. Farmers argues that this issue turns on the interpretation of A.R.S. § 20-766 (2010), which reads: "A reciprocal insurer shall have and use a business name which shall include the word 'reciprocal,' 'inter-insurer,' 'inter-insurance,' 'exchange,' 'underwriters,' or 'underwriting,' and *shall sue and be sued in its own name*" (emphasis added). Farmers asserts that this statute should be interpreted in such a way that it precludes suit by or against individual policyholders, and as such, James River should be unable to amend its complaint to include only the diverse Farmers policyholders. The Court agrees.

An Idaho court, applying a statute similar to the Arizona statute quoted above, addressed the effect of the statutory language on diversity jurisdiction, ultimately finding that the statute precluded class action suits and suits by or against individuals affiliated with the insurance company. *See Lumbermen's Underwriting Alliance v. Mobile Oil Corp.*, 612 F.Supp. 1166 (D.Idaho 1985). The court noted that "the mandatory term 'shall' is . . . indicative of exclusivity." *Id.* at 1170. In order for an individual policyholder to sue, he must have an individual justification for suit. *Id.* at 1172. As applied to this case, A.R.S. § 20-766 precludes James River from dismissing Farmers and its nondiverse members in order to add only diverse members. Because diversity is not complete and James River is unable to amend its Complaint to "manufacture" diversity between the parties, subject-matter jurisdiction is inappropriate and the Complaint should be dismissed.

. . . .

. . . .

### IV. Recommendation

Based on the foregoing, the Magistrate Judge RECOMMENDS that the District Court, after its independent review, GRANT Farmer's Motion to Dismiss (Doc. 7) for lack of subject matter jurisdiction.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 4:11-CV-00730-RCC**. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to de novo consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 5th day of March, 2012.

Jacqueline Marshall
United States Magistrate Judge