IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James River Insurance Company, | No. 11-CV-730-TUC-RCC |
| Plaintiff, | **ORDER** |
| vs. | |
| Farmers Insurance Exchange, et al., | |
| Defendants. | |

Before the Court is the March 5, 2012, Report and Recommendation (R&R) from Magistrate Judge Jacqueline J. Marshall (Doc. 21) recommending that this court grant Defendant Farmers Insurance Exchange's ("FIE") Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) (Doc. 7). Plaintiff timely filed objections to the R&R (Doc. 24), and Defendant has filed a response to the objections (Doc. 25). For the following reasons, this court will adopt the R&R and dismiss Plaintiff's Complaint with prejudice.

**I.    BACKGROUND**

The factual and procedural background in this case is explained in Magistrate Judge Marshall's R&R (Doc. 21). The Court fully incorporates by reference the Factual Background section of the R&R into this Order.

**II.    LEGAL STANDARD**

A motion to dismiss for lack of subject-matter jurisdiction under Fed.R.Civ.P. 12(b)(1) can be based on the face of the Complaint or extrinsic evidence demonstrating lack

of jurisdiction on the facts of the case. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In evaluating a facial attack on jurisdiction, the court must accept the factual allegations set forth in the Complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). The burden rests with the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 411 U.S. 375, 377 (1994).

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto—in this case, 28 U.S.C. § 1332 (2011). *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *See Chen-Cheng Wang ex. rel. U.S. v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992). The Court is under a continuing duty to dismiss an action whenever it appears that it lacks jurisdiction. *Id.*; *see also Spencer Enters., Inc. v. U.S.*, 345 F.3d 683, 687 (9th Cir. 2003); *Attorneys Trust v. Videotape Computers Prods., Inc.*, 93 F.3d 593, 594–95 (9th Cir. 1996).

The Magistrate Judge recommended that this Court dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction. The duties of the district court in connection with a R&R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court will not disturb a Magistrate Judge's Order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision ... is entitled to great deference by the district court." *United States v. Abonce-Barrera,* 257 F.3d 959, 969 (9th Cir.2001). Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn,* 474 U.S. 140, 149-50 (1985).

**III.   DISCUSSION**

- 2 -

In the R&R, Magistrate Judge Marshall found that FIE is an unincorporated association, not a corporation. Judge Marshall was not persuaded by James River's argument that the California Secretary of State website recognizes the name "Farmers Underwriters Association" in a corporate name search. Judge Marshall found that the entity classification of Farmers Underwriters Association—which FIE claims is merely attorney-in-fact for FIE (Doc. 14, p. 3)—as a corporation does not necessarily indicate that FIE is also a corporation. Judge Marshall found more persuasive the fact that searching for the corporate name "Farmers Insurance Exchange" yielded no results in the corporate name search. After a "thorough search of Westlaw and the internet in general," Judge Marshall noted that, "no source definitively characterizing Farmers [Insurance Exchange] as a corporation [could] be found." (Doc. 21, p. 4). Therefore, Judge Marshall determined that FIE is an unincorporated association and not a corporation.

Next, Judge Marshall found that because FIE "is not a corporation, it is a citizen of any state of which its members are citizens for purposes of diversity jurisdiction." (Doc. 21, p. 4). Judge Marshall then determined that FIE's policyholders are "members" for jurisdictional purposes, citing recent Arizona district court decisions that addressed this issue. *See Truck Ins. Exch. v. The Manitowoc Co., et al.*, 2010 WL 4961618 (D. Ariz. 2010) ; *Cady v. American Family Ins. Co.*, 771 F.Suppo.2d 1129 (D. Ariz. 2011). Judge Marshall concluded that because FIE "has policyholders in both Ohio and Virginia, where [Plaintiff] is incorporated and has its principal place of business, respectively, diversity is lacking and subject-matter jurisdiction is inappropriate." (Doc. 21, p. 4).

Finally, Judge Marshall recommended that the Court deny Plaintiff leave to amend its Complaint to name only the diverse members of Farmers as Defendants. A.R.S. § 20-766 (2010) provides that: "A reciprocal insurer shall have and use a business name which shall include the word 'reciprocal,' 'inter-insurer,' 'inter-insurance,' 'exchange,' 'underwriters,' or 'underwriting,' and *shall sue and be sued in its own name*" (emphasis added). Judge Marshall agreed with FIE's interpretation of this statute and found that § 20-766 precludes suit by or against individual policyholders. In making this recommendation, Judge Marshall

1 cited an opinion by the Idaho district court in *Lumbermen's Underwriting Alliance v. Mobile
2 Oil Corp.*, 612 F.Supp. 1166 (D. Idaho 1985), in which the Idaho district court interpreted
3 a statute almost identical to the Arizona statute quoted above. In *Lumbermen's
4 Underwriting*, the court noted that "the mandatory term 'shall' is . . . indicative of
5 exclusivity." *Id.* at 1170. Judge Marshall agreed with this interpretation of the statute and
6 determined that "A.R.S. § 20-766 precludes James River from dismissing Farmers and its
7 nondiverse members in order to add only diverse members." (Doc. 21, p. 4).

8 Plaintiff James River argues that the Magistrate Judge wrongly "relie[d] upon the fact
9 that the parties in a separate case involving FIE, the *MTD Products* case, did not dispute that
10 FIE was an unincorporated association, even though it would have been in the defendants'
11 best interests to do so." (Doc. 24, p. 5). This, however, was not the sole basis for Judge
12 Marshall's finding. She also relied on the fact that "Farmers Insurance Exchange" did not
13 register as a corporate name on the California Secretary of State website. The Court agrees
14 with this finding. If FIE was a corporate entity, it would be registered as such and would
15 have the necessary documents, including articles of incorporation. Such documentation has
16 not been produced. Once FIE challenged subject-matter jurisdiction, the burden shifted to
17 James River to establish jurisdiction. The only evidence James River provides in support of
18 this Court's exercise of subject-matter jurisdiction is the fact that Farmers Underwriters
19 Association is incorporated in California and that FIE has allegedly made inconsistent
20 statements regarding its status. Farmers Underwriters Association's status as a corporation
21 does not necessarily apply to FIE. Farmers Insurance Exchange explicitly describes itself
22 as an inter-insurance exchanged owned by its policyholders and organized under the laws of
23 the State of California. James River has failed to establish FIE as a corporate entity for
24 diversity purposes.

25 The Court is also not persuaded by James River's argument that the R&R did not
26 consider or address FIE's inconsistent arguments regarding its status as corporation or an
27 unincorporated association and that the Magistrate Judge failed to note FIE's failure to
28 produce any evidence to support its position in this case. First, the burden is on James River

- 4 -

1 to show that this Court has subject-matter jurisdiction. *Kokkonen*, 411 U.S. at 377. Further, 2 any admissions or arguments FIE may have made in other cases regarding its status is 3 irrelevant in this case. James River alleges that FIE has admitted to being a corporation in 4 other cases. However, FIE has also maintained that it is an insurance exchange in numerous 5 cases. Under California law, "[t]he corporate existence begins upon the filing of the articles 6 [of incorporation]." Cal. Corp. Code § 200 (West). As previously mentioned, James River 7 has not provided any documentation, such as articles of incorporation—which would be 8 public information—that would indicate that FIE is a corporate entity. The Court will not 9 consider the alleged statements made by FIE attorneys in unrelated cases. Merely stating that 10 a business is a corporation does not make that business a legal corporation. FIE's absence 11 from the California Secretary of State corporate name search and the lack of articles of 12 incorporation points to FIE being an unincorporated association. James River has produced 13 no evidence that FIE has been incorporated under the laws of any state.

14 James River next argues that the R&R fails to consider the fact that the law regarding 15 treatment of reciprocal insurance exchanges as it applies to diversity of citizenship is far from 16 settled. Judge Marshall did consider this fact. In the R&R, Judge Marshall noted that "there 17 is a disagreement among different district courts that have had the opportunity to evaluate 18 Farmers' jurisdictional position." (Doc. 21, p. 5). Judge Marshall then discussed two recent 19 Arizona district court cases that both "addressed the issue in relation to other well-known 20 reciprocal insurance exchanges." *Id*. In *Cady v. American Family Ins. Co.*, 771 F.Supp.2d 21 1129 (D. Ariz. 2011), Judge Sedwick of the Phoenix division found that USAA—a reciprocal 22 insurance exchange similar to FIE—was an unincorporated association. As such, Judge 23 Sedwick concluded that because USAA had members in all fifty states, "it is considered a 24 citizen of all fifty states." *Id*. at 1132. Judge Sedwick then dismissed the case pursuant to 25 12(b)(1) because diversity was destroyed. Similarly, in *Truck Ins. Exchange v. The* 26 *Manitowoc Co.*, 2010 WL 4961618 (D. Ariz. 2010), Judge Rosenblatt of the Phoenix 27 division found that "[u]nder California law, an interinsurance exchange is not a corporation, 28 . . . but is rather 'an unincorporated business organization of special character in which the

1   participants . . . are both insurers and insureds[.]'" *Id.* at *1 (citations omitted). Even though
2   the law is not well-settled, Arizona district courts have consistently found that for diversity
3   purposes, an insurance exchange shares citizenship with each of its members. These same
4   courts also consistently found that an insurance exchange's "members" are its policyholders.
5   This Court agrees.

6         Finally, James River states that a similar case involving the same parties (No. 12-CV-
7   00283-NVW) is currently before Judge Neil Wake of the Phoenix division of this district,
8   and requests that this Court refrain from issuing an opinion until the Phoenix district court
9   rules on the motion to remand pending in that case. On March 21, 2012, Judge Wake
10  determined that the district court did not have subject-matter jurisdiction to hear James
11  River's case in No. 12-CV-00238-NVW, and remanded the case back to state court (Doc.
12  19). Judge Wake found that FIE "is organized under California law as a 'reciprocal insurance
13  exchange,' owned by all of its policyholders. It is not a corporation." *Id.* Further, after
14  noting that the burden of proof was on James River to establish subject-matter jurisdiction,
15  Judge Wake stated that "[i]f Farmers was truly incorporated under California law, James
16  River should be able to obtain Farmers' articles of incorporation from public records. As far
17  as the record discloses, it has not attempted to do so. By contrast, Farmers has submitted its
18  organizational document which plainly shows that it has organized itself as a reciprocal
19  insurance exchange." *Id.* at p. 2. Judge Wake ultimately found that James River failed to
20  meet its burden and remanded the case to state court.

21        After conducting a *de novo* review of Plaintiff's objections, the Court agrees with the
22  findings of the other courts in this district, and finds that the Court lacks jurisdiction to hear
23  this case. The Court will not grant James River leave to amend its Complaint to only include
24  FIE's diverse members. A.R.S. § 20-766 makes it clear that an insurance exchange can only
25  be sued in its own name. Accordingly,

26      **IT IS ORDERED** that Magistrate Judge Marshall's Report and Recommendation
27  (Doc. 21) is hereby **ACCEPTED** and **ADOPTED** as the findings of fact and conclusions
28  of law by this Court.

1  **IT IS FURTHER ORDERED granting** FIE's Motion to Dismiss (Doc. 7).

2  **IT IS FURTHER ORDERED** this case is **dismissed with prejudice** and the Clerk
3  of the Court shall close its file on this matter and enter judgment accordingly.

4  **IT IS FURTHER ORDERED** Farmers Insurance Company of Arizona's Motion to
5  Compel Compliance with Rule 56(f) is **dismissed as moot**.

6  **IT IS FURTHER ORDERED** Farmers Insurance Company of Arizona's Motion to
7  Compel Compliance with Rule 26(f) is **dismissed as moot**.

8  DATED this 10th day of April, 2012.

Raner C. Collins
United States District Judge